**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-30319
Summary Calendar
_____


CHARLES C. WHITE, SR., Individually,

Plaintiff-Appellant,

and

TRAVELERS INSURANCE COMPANY,

Intervenor Plaintiff-Appellant,


VERSUS


EXXON CORPORATION, doing business as Exxon Co. USA Inc.,

Defendant-Appellee.



_____

Appeal from the United States District Court
for the Western District of Louisiana
(93-CV-1745)
_____


December 13, 1995

Before THORNBERRY[1], JOLLY and BENAVIDES, Circuit Judges.

PER CURIAM:[2]

_____

[1]Judge Thornberry concurred in the above opinion before his death on December 11, 1995.

[2] Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Charles C. White, Sr., filed suit against Exxon under the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331-1356, to recover damages for injuries he sustained while working on an offshore platform owned and operated by Exxon. Exxon moved for summary judgment, alleging that because White was a borrowed employee, Exxon was entitled to tort immunity under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(a). The district court agreed and entered summary judgment in favor of Exxon.

In granting summary judgment, the district court determined White was a borrowed employee in light of Ruiz v. Shell Oil, 413 F.2d 310 (5th Cir. 1993). The court reviewed the summary judgment evidence in light of the nine Ruiz factors, *Id*. at 312-14, and determined there was no genuine issue as to any material fact regarding White's status as a borrowed employee.

After conducting a *de novo* review of the record, and viewing the evidence in the light most favorable to White, we conclude that the district court did not err in granting summary judgment in favor of Exxon. *See* Billizon v. Conoco, Inc., 993 F.2d 104 (5th Cir. 1993); Melancon v. Amoco Production Co., 834 F.2d 1238 (5th Cir. 1993). The judgment of the district court is therefore AFFIRMED.